# ADR
# E-FILING

ORIGINAL
FILED

07 OCT -9 PM 1: 18

RICHARD W. WIEKING
U.S. DISTRICT COURT

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   ANJOE TAN TEPPANG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

C07 05163 BZ

ANJOE TAN TEPPANG,                    Case No. _____

                  Plaintiff,
                                      **COMPLAINT**
v.
                                      **DEMAND FOR JURY TRIAL**
SEALS & TENENBAUM, A
PROFESSIONAL CORPORATION, a           15 United States Code § 1692 *et seq.*
California corporation; and JAY MICHAEL   California Civil Code § 1788 *et seq.*
TENENBAUM, individually and in his
official capacity,

                  Defendants.

Plaintiff, ANJOE TAN TEPPANG (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1.      This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

-1-

1  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3       3.    This action arises out of Defendants' violations of the Fair Debt Collection

4  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

5                          **III.  VENUE**

6       4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

7  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

8  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

9  Defendants transact business in this judicial district and the violations of the FDCPA complained

10 of occurred in this judicial district.

11                  **IV.  INTRADISTRICT ASSIGNMENT**

12      5.    This lawsuit should be assigned to the San Francisco Division of this Court

13 because Defendant maintains an office in San Francisco County.

14                          **V.  PARTIES**

15      6.    Plaintiff, ANJOE TAN TEPPANG (hereinafter "Plaintiff"), is a natural person

16 residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15

17 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18      7.    Defendant, SEALS & TENENBAUM, A PROFESSIONAL CORPORATION

19 (hereinafter "SEALS & TENENBAUM"), is a California corporation engaged in the business of

20 collecting debts in this state with its principal place of business located at:  2323 West Lincoln

21 Avenue, Suite 127, Anaheim, California  92801-5146.  SEALS & TENENBAUM may be served

22 at the address of its Agent for Service of Process at:  Seals & Tenenbaum, APC, c/o Jay M.

23 Tenenbaum, 2323 West Lincoln Avenue, Suite 127, Anaheim, California  92801-5146.  The

24 principal purpose of SEALS & TENENBAUM is the collection of debts using the mails and

25 telephone and SEALS & TENENBAUM regularly attempts to collect debts alleged to be due

26 another.  SEALS & TENENBAUM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

27 and Cal. Civil Code § 1788.2(c).

28      8.    Defendant, JAY MICHAEL TENENBAUM (hereinafter "TENENBAUM"),

is a natural person and licensed attorney in the state of California.  TENENBAUM may be served at his current business address at:  Jay Michael Tenenbaum, Seals & Tenenbaum, APC, 2323 West Lincoln Avenue, Suite 127, Anaheim, California 92801-5146.  TENENBAUM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9.      At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

10.      On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely a consumer credit account issued by Chase Bank (USA), N.A., and bearing the account number XXXX-XXXX-XXXX-1033 (hereinafter "the alleged debt").  The financial obligation alleged to be owed to Chase Bank (USA), N.A., by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11.      Sometime thereafter on a date unknown to Plaintiff, the alleged debt was allegedly sold, assigned or otherwise transferred to Hudson & Keyse, Inc.

12.      Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13.      Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.      A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15.      The collection letter (Exhibit "1") is dated October 27, 2006.

16.      The collection letter (Exhibit "1") was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

17.      The collection letter (Exhibit "1") was purportedly signed by Defendant,

1  TENENBAUM.

2      18.    The collection letter (Exhibit "1") represented or implied that Plaintiff's

3  account had been reviewed by TENENBAUM.

4      19.    Plaintiff is informed and believes, and thereon alleges that TENENBAUM

5  did not conduct a professional review of Plaintiff's account before sending the collection letter dated

6  (Exhibit "1") to Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*,

7  84 F.3d 222, 228-29 (7th Cir. 1996).

8      20.    Plaintiff is informed and believes, and thereon alleges that the collection letter

9  dated (Exhibit "1") misrepresented the role and involvement of legal counsel.

10     21.    Plaintiff is informed and believes, and thereon alleges that the collection letter

11 dated (Exhibit "1") misrepresented the true source or nature of the communication thereby making

12 false statements in an attempt to collect a debt.

13     22.    On or about November 9, 2006, Plaintiff mailed a letter to Defendants which

14 stated: "please be advised that I dispute the validity of this debt in its entirety.  I hereby request that

15 you obtain verification of the debt or a copy of the judgment against me and mail a copy of said

16 verification to me at the address listed below."

17     23.    A true and accurate copy of Plaintiff's letter disputing the alleged debt and

18 requesting validation of the alleged debt is attached hereto, marked Exhibit "2," and by this

19 reference is incorporated herein.

20     24.    Defendants received Plaintiff's letter disputing the alleged debt and requesting

21 validation of the alleged debt (Exhibit "2") on or about November 15, 2006.

22     25.    A true and accurate copy of the USPS Tracking Report and Certified Mail

23 Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and

24 refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this

25 reference is incorporated herein.

26     26.    After receiving Plaintiff's letter disputing the alleged debt and requesting

27 validation of the alleged debt (Exhibit "2"), Defendants continued their collection efforts against

28 Plaintiff without first obtaining and mailing Plaintiff validation of the debt being collected.

1          27.     On or about April 18, 2007, an employee of Defendants using the name

2    "Omar" left a message on Plaintiff's answering machine requesting a return telephone call.

3          28.     On or about April 19, 2007, Plaintiff mailed a letter to Defendants which

4    stated: "please be advised that I dispute this debt and refuse to pay."

5          29.     A true and accurate copy of Plaintiff's letter disputing the alleged debt and

6    refusing to pay the alleged debt is attached hereto, marked Exhibit "4," and by this reference is

7    incorporated herein.

8          30.     Defendants received Plaintiff's letter disputing the alleged debt and refusing

9    to pay the alleged debt (Exhibit "4") on or about April 23, 2007.

10         31.     A true and accurate copy of the USPS Tracking Report and Certified Mail

11   Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and

12   refusing to pay the alleged debt (Exhibit "4") is attached hereto, marked Exhibit "5," and by this

13   reference is incorporated herein.

14         32.     After receiving Plaintiff's letter notifying Defendants of his refusal to pay the

15   debt (Exhibit "4"), Defendants continued to communicate with Plaintiff in an attempt to collect the

16   alleged debt.

17         33.     On or about May 22, 2007, an employee of Defendants recorded the following

18   message on Plaintiff's answering machine:

19         Yes, this message is for Anjoe Teppang.  This is Omar calling with the attorney's
           office of Seals & Tenenbaum.  Please give me a call back at: 714-991-9131,
20         extension 5460.

21         34.     On or about May 25, 2007, an employee of Defendants recorded the following

22   message on Plaintiff's answering machine:

23         Yes, Anjoe Teppang, this is Omar calling with the attorney's office of Seals &
           Tenenbaum.  Give, give me a call back at 1-800-880-60 . . . I'm sorry . . . 714-991-
24         9131, extension 5460.  This is Omar at the law office of Seals & Tenenbaum, 714-
           991-9131.
25

26         35.     On or about June 19, 2007, an employee of Defendants recorded the following

27   message on Plaintiff's answering machine:

28         Anjoe Teppang, this is Omar calling with the attorney's office of Seals &

1    Tenenbaum.  Please give me a call back at 714-991-9131, extension 5460.

2        36.    On or about August 19, 2007, an employee of Defendants recorded the

3    following message on Plaintiff's answering machine:

4        Yes, Anjoe Teppang, this is Omar again, calling with the attorney's office of Seals
         & Tenenbaum.  Please give me a call back at 714-991-9131, extension 5460.
5

6        37.    On or about August 27, 2007, Defendants filed a lawsuit against Plaintiff in

7    the Superior Court of California, County of Santa Clara, captioned *Hudson & Keyse, LLC v. Anjoe*

8    *Fan Teppang, et al.*, Case No. 1-07-CV-092955 (hereinafter the "Hudson & Keyse complaint").

9        38.    A true and accurate copy of the Hudson & Keyse complaint is attached hereto,

10   marked Exhibit "6," and by this reference is incorporated herein.

11       39.    The Hudson & Keyse complaint (Exhibit "6") was signed purportedly by

12   Defendant, TENENBAUM.

13       40.    The Hudson & Keyse complaint (Exhibit "6") represented or implied that

14   Plaintiff's account had been reviewed by TENENBAUM.

15       41.    Plaintiff is informed and believes, and thereon alleges that TENENBAUM

16   did not conduct a professional review of Plaintiff's account before sending the Hudson & Keyse

17   complaint (Exhibit "6") to the court or Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir.

18   1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

19       42.    Plaintiff is informed and believes, and thereon alleges that the Hudson &

20   Keyse complaint (Exhibit "6") misrepresented the role and involvement of legal counsel.

21       43.    Plaintiff is informed and believes, and thereon alleges that the Hudson &

22   Keyse complaint (Exhibit "6") misrepresented the true source or nature of the communication

23   thereby making false statements in an attempt to collect a debt.

24       44.    On or about September 7, 2007, an employee of Defendants recorded the

25   following message on Plaintiff's answering machine:

26       Yes, this message is for Anjoe Teppang.  This is Omar calling with the attorney's
         office of Seals & Tenenbaum.  Please give me a call back at 714-991-9131,
27       extension 5460.

28       45.    On or about September 18, 2007, an employee of Defendants recorded the

-6-

following message on Plaintiff's answering machine:

> Anjoe Teppang, this is Omar calling with the attorney's office of Seals & Tenenbaum.  Please give me a call back at 714-991-9131, extension 5460.

46.    Defendants' answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

47.    Defendants failed to disclose that each of their answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).   See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

### (Against All Defendants)

48.    Plaintiff brings the first claim for relief against all Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

49.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 47 above.

50.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

51.    Defendant, SEALS & TENENBAUM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

52.    Defendant, TENENBAUM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

53.    The financial obligation allegedly originally owed to Chase Bank (USA), N.A., by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

54.    The collection letter dated (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

      a.    Defendants falsely represented or implied that attorney TENENBAUM had reviewed Plaintiff's account when

1    TENENBAUM had not done so, in violation of 15 U.S.C. §§

2    1692e(3) and 1692e(10);

3    b.    Defendants falsely represented the role and involvement of legal

4    counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10); and

5    c.    Defendants misrepresented the true source or nature of the

6    communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and

7    1692e(10).

8    55.    Defendants' answering machine messages described above violate the

9    FDCPA.  The violations include, but are not limited to, the following:

10    a.    Defendants failed to disclose that the communications were from a

11    debt collector, in violation of 15 U.S.C. § 1692e(11).

12    56.    The Hudson & Keyse complaint (Exhibit "6") described above violates the

13    FDCPA.  The violations include, but are not limited to, the following:

14    a.    Defendants falsely represented or implied that attorney

15    TENENBAUM had reviewed Plaintiff's account when

16    TENENBAUM had not done so, in violation of 15 U.S.C. §§

17    1692e(3) and 1692e(10);

18    b.    Defendants falsely represented the role and involvement of legal

19    counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10); and

20    c.    Defendants misrepresented the true source or nature of the

21    communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and

22    1692e(10).

23    57.    Defendants have further violated the FDCPA in the following respects:

24    a.    Defendants continued to communicate with Plaintiff in an attempt to

25    collect the alleged debt after receiving a written notification that

26    Plaintiff refused to pay the debt being collected, in violation of 15

27    U.S.C. § 1692c(c);

28    b.    Defendants continued their collection efforts against Plaintiff after

-8-

1    receiving a written notification within the thirty-day validation period

2    from Plaintiff disputing the debt being collected in its entirety

3    without first obtaining a verification of the debt and mailing a copy

4    of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

5    58.    Defendants' acts as described above were done intentionally with the purpose

6    of coercing Plaintiff to pay the alleged debt.

7    59.    As a result of the Defendants' violations of the FDCPA, Plaintiff is entitled

8    to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. §

9    1692k.

10    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

11    **(Against Defendant SEALS & TENENBAUM)**

12    60.    Plaintiff brings the second claim for relief against Defendant, SEALS &

13    TENENBAUM, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California

14    Civil Code §§ 1788-1788.33.

15    61.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

16    through 59 above.

17    62.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

18    § 1788.2(h).

19    63.    Defendant, SEALS & TENENBAUM, is a "debt collector" as that term is

20    defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

21    64.    The financial obligation allegedly originally owed to Chase Bank (USA),

22    N.A., by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code §

23    1788.2(f).

24    65.    The collection letter dated (Exhibit "1") described above violates the FDCPA.

25    The violations include, but are not limited to, the following:

26    a.    Defendant falsely represented or implied that attorney

27    TENENBAUM had reviewed Plaintiff's account when

28    TENENBAUM had not done so, in violation of 15 U.S.C. §§

-9-

1   1692e(3) and 1692e(10), as incorporated by Cal. Civil Code §

2   1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

3       b.   Defendants falsely represented the role and involvement of legal

4            counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), as

5            incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §§

6            1788.13(c) and 1788.16; and

7       c.   Defendants misrepresented the true source or nature of the

8            communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and

9            1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal.

10           Civil Code §§ 1788.13(c) and 1788.16.

11      66.   Defendant's answering machine messages described above violate the

12  RFDCPA.  The violations include, but are not limited to, the following:

13      a.   Defendant failed to disclose that the communications were from a

14           debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated

15           by Cal. Civil Code § 1788.17.

16      67.   The Hudson & Keyse complaint (Exhibit "6") described above violates the

17  RFDCPA.  The violations include, but are not limited to, the following:

18      a.   Defendant falsely represented or implied that attorney

19           TENENBAUM had reviewed Plaintiff's account when

20           TENENBAUM had not done so, in violation of 15 U.S.C. §§

21           1692e(3) and 1692e(10), as incorporated by Cal. Civil Code §

22           1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

23      b.   Defendants falsely represented the role and involvement of legal

24           counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), as

25           incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §§

26           1788.13(c) and 1788.16; and

27      c.   Defendants misrepresented the true source or nature of the

28           communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and

1    1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal.

2    Civil Code §§ 1788.13(c) and 1788.16.

3    68.    Defendants have further violated the RFDCPA in the following respects:

4    a.    Defendants continued to communicate with Plaintiff in an attempt to

5    collect the alleged debt after receiving a written notification that

6    Plaintiff refused to pay the debt being collected, in violation of 15

7    U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17;

8    b.    Defendants continued their collection efforts against Plaintiff after

9    receiving a written notification within the thirty-day validation period

10    from Plaintiff disputing the debt being collected in its entirety

11    without first obtaining a verification of the debt and mailing a copy

12    of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b),

13    as incorporated by Cal. Civil Code § 1788.17.

14    69.    Defendant's acts as described above were done willfully and knowingly with

15    the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

16    1788.30(b).

17    70.    As a result of Defendant's willful and knowing violations of the RFDCPA,

18    Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

19    ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

20    71.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

21    an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil

22    Code § 1788.17.

23    72.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

24    an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

25    15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

26    73.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

27    RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

28    that the Plaintiff may have under any other provision of law.

1

## VIII.  REQUEST FOR RELIEF

2    Plaintiff requests that this Court:

3    a.    Assume jurisdiction in this proceeding;

4    b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

5         §§ 1692c(c), 1692e, 1692e(3), 1692e(10), 1692e(11) and 1692g(b);

6    c.    Declare that Defendant, SEALS & TENENBAUM, violated the Rosenthal Fair Debt

7         Collection Practices Act, Cal. Civil Code §§ 1788.13(c), 1788.16 and 1788.17;

8    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

9         15 U.S.C. § 1692k(a)(2)(A);

10    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

11         $1,000 pursuant to Cal. Civil Code § 1788.30(b);

12    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

13         15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

14    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

15         U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

16    h.    Award Plaintiff such other and further relief as may be just and proper.

17

18                                CONSUMER LAW CENTER, INC.

19

20    By: /s/ Fred W. Schwinn
                                       Fred W. Schwinn, Esq.
                                       Attorney for Plaintiff
21                                     ANJOE TAN TEPPANG

22

23

24

25

26

27

28

1

## <u>CERTIFICATION PURSUANT TO CIVIL L.R. 3-16</u>

2     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3   named parties, there is no such interest to report.

4                                          /s/ Fred W. Schwinn
                                           Fred W. Schwinn, Esq.
5

6

## <u>DEMAND FOR JURY TRIAL</u>

7     PLEASE TAKE NOTICE that Plaintiff, ANJOE TAN TEPPANG, hereby demands a trial

8   by jury of all triable issues of fact in the above-captioned case.

9

10                                         /s/ Fred W. Schwinn
                                           Fred W. Schwinn, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT